JENNIE C. EWING, by, etc., *vs.* J. P. HELM and others.

April Term, 1875.

HUSBAND AND WIFE—GIFTS TO WIFE OF CHATTELS, OR MONEY VESTED IN CHATTELS.—A bill by a wife which seeks to enjoin the sale of chattels levied on by execution against her husband, upon the ground that they were either given to her, or bought with money given her by her father for her own use, to be disposed of and used as she might see proper, shows no equity, and will be dismissed on motion.

*J. W. Ewing,* for complainant.

*J. P. Helms,* for defendants.

THE CHANCELLOR :—The only equity in this bill consists in the claim of the complainant, a married woman, that the personal chattels levied on by the defendants, under an execution against her husband, are her separate estate. The allegation of the bill is that the chattels were either given to her by her relations and friends, as tokens of affection, or bought with money given to her by her father "for her own use, to be disposed of and used as she might see proper." A direct gift of a chattel to the wife vests at once in the husband. *Hollingsworth* v. *Miller,* 5 Sneed, 472. And a gift "to her use" of a chattel is not sufficient to create a separate estate. *Thompson* v. *McKissick,* 3 Humph. 331; *Meredith* v. *Owen,* 4 Sneed, 223. Nor a gift "to the only proper use of her," the said J. H. *Houston* v. *Embry,* 1 Sneed, 490. Nor "for her own use and benefit." Id., citing 2 Story Eq. Jur. § 1383. And even the intervention of a trustee will not avail to create a separate estate in such gifts. *Maberry* v. *Neely,* 5 Humph. 337; *Woods* v. *Sullivan,* 1 Swan, 507. The construction depends entirely upon the language used at the time of the gift. No subsequent words or acts can affect the result. *Hollingsworth* v. *Miller,* 5 Sneed, 472, 474.

The motion to dismiss for want of equity must be sustained.

NOTE.—Affirmed on appeal.